United States District Court
Southern District of Texas
**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEYLIN CHELIZA VINDEL ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1167 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Deylin Cheliza Vindel Romero ("Petitioner"), a citizen of Honduras, entered the United States on September 18, 2024.[1] On November 19, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[2] Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates due process and equal protection, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[3]

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 3; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 4.

[3]Id. at 6-15; Petitioner's Reply in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 7, pp. 2-8; see also
(continued...)

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6).  Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because she is an applicant for admission.[4]  Petitioner has filed a reply.[5]

First, as the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.  Id. at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)).  Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2)

---

[3](...continued)
Respondents' MSJ, Docket Entry No. 6, p. 10 (interpreting Petitioner's arbitrary and capricious claim as a claim under the APA.).

[4]Respondents' MSJ, Docket Entry No. 6, pp. 1–2.

[5]Petitioner's Reply in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 7.

mandates detention of applicants for admission until certain proceedings have concluded, she is not entitled to a bond hearing as a matter of procedural due process.

Additionally, as explained in Jiminez v. Bradford, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), because Petitioner is able to challenge her detention by filing a writ of habeas corpus, she is not entitled to relief under the APA. See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.") (emphasis added).

Finally, Petitioner's "Fifth Amendment equal protection claim is unavailing because [s]he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and [s]he does not state facts to show that [s]he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez." Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE